**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | NOT FOR PUBLICATION |
| CHRISTIAN ALEKSANDER VARGAS, | Chapter 13 |
| Debtor. | Case No. 25-12734 (JPM) |

**MEMORANDUM OPINION AND ORDER DENYING THE DEBTOR'S**
**MOTION TO VACATE THE STAY RELIEF ORDER**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

I.    **INTRODUCTION**

This matter arises from the Chapter 13 case of *pro se* debtor Christian Aleksander Vargas (the "**Debtor**").  On March 23, 2026, the Court issued an order (the "**Stay Relief Order**") granting secured creditor U.S. Bank's ("**U.S. Bank**") motion for relief from the automatic stay (the "**Stay Relief Motion**") with respect to the Debtor's property located at 155 East 2nd Street, Apartment 2D, New York 10009 (the "**Property**").  (Dkt. No. 23).

Before the Court is the Debtor's motion (the "**Motion**"), dated April 28, 2026, seeking to vacate the Stay Relief Order pursuant to Federal Rule of Civil Procedure 60(b).  (Dkt. No. 25).  On June 12, 2026, U.S. Bank filed a response (the "**Response**"), contending that the Debtor has failed to show "extraordinary circumstances" or any "mistake, inadvertence, surprise, or excusable neglect" that would justify relief under Rule 60(b).  (Dkt. No. 31).  That same day, the Debtor filed a reply (the "**Reply**"), largely reiterating the arguments presented in the Motion.  (Dkt. No. 32).

The Court held a hearing to consider the Motion on June 22, 2026 (the "**Hearing**").  Having reviewed the parties' submissions, the arguments presented at the Hearing, and the record as a

1

whole, the Court finds that the Debtor has not satisfied his burden under Rule 60(b).  For the reasons set forth below, the Motion is **DENIED**.

## II.      <u>BACKGROUND</u>

The Property, which is the subject of the Stay Relief Order, serves as the Debtor's principal residence.  The Property is encumbered by a mortgage loan in the principal amount of $306,000, originally held by Amalgamated Bank pursuant to a security agreement executed on November 10, 2020.  (Dkt. No. 11).  The loan was subsequently transferred to U.S. Bank as a successor-in-interest to Amalgamated Bank.  (*Id.*).  The Debtor ceased making payments to U.S. Bank in October 2022, and U.S. Bank thereafter declared a default of the mortgage.  (*Id.*).

On April 14, 2024, the Debtor filed a Chapter 7 case in this District (the "**Prior Case**"). *See In re Vargas*, No. 24-10636 (JLG) (Bankr. S.D.N.Y. filed Apr. 14, 2024).  The Debtor received a discharge on September 3, 2024.  (*See* Prior Case, Dkt. No. 15).  The Prior Case closed on April 4, 2025.  (*See* Prior Case, Dkt. No. 16).

On December 8, 2025, the Debtor filed this Chapter 13 case.  According to the Debtor's schedules, the Property is valued at approximately $407,000 and is his most significant asset.  (*See* Schedule A/B, Dkt. No. 7).  The Debtor's liabilities totaled $430,640.47.  (*Id.*).  U.S. Bank, the Debtor's largest creditor, asserts a secured claim in the amount of $365,452.10.  (*See* Proof of Claim No. 3-1).

On January 9, 2026, U.S. Bank filed the Stay Relief Motion, asserting that the Debtor's failure to cure mortgage arrears demonstrated a lack of adequate protection of U.S. Bank's security interest in the Property.  (Dkt. No. 11).  On March 23, 2026, the Court granted the Stay Relief Motion, finding that cause existed under § 362(d)(1) to lift the stay to permit U.S. Bank to exercise its rights to foreclose the Property under applicable state law.  (Dkt. No. 23).

On April 28, 2026, the Debtor filed the instant Motion.  (Dkt. No. 25).  The Debtor argues that the Court should not have granted stay relief because U.S. Bank's filings relied "heavily on alleged defaults dating back to 2022," and because "those arrears are being addressed through the Debtor's Chapter 13 plan."  (*Id*. ¶¶ 6-7).  The Debtor also contends that U.S. Bank's "narrative [was] incomplete because the alleged arrears history include[d] a period during which the Debtor was in a prior Chapter 7 bankruptcy case," in which the Debtor received a discharge.  (*Id*. ¶ 8). The Debtor further argues that, since entry of the Stay Relief Order, he has been unable to make plan payments to the Chapter 13 trustee or cure outstanding pre-petition mortgage arrears despite his best efforts.  (*Id*. ¶¶ 27-35).  According to the Debtor, SN Servicing Corporation, the servicing agent for U.S. Bank, "disabled the Debtor's ability to make regular loan payments through the payment channel previously [made] available to him."  (Id. ¶ 35).

On June 12, 2026, U.S. Bank filed the Response.  (Dkt. No. 31).  U.S. Bank argues that the Debtor has not identified the specific basis for relief under Rule 60(b) and therefore has failed to carry his burden to show any "extraordinary circumstances" that would justify vacatur.  (*Id*. ¶¶ 11-12).  In particular, U.S. Bank asserts that the Debtor has "fail[ed] to demonstrate that there was any mistake, inadvertence, surprise, or excusable neglect" or any other basis for relief under Rule 60(b)(1) through (5).  (*Id*. ¶ 14).  Nor, according to U.S. Bank, has the Debtor alleged with any specificity that "extreme and undue hardship" exists to warrant relief under the catchall provision of Rule 60(b)(6).  (*Id*. ¶ 15).  Rather, U.S. Bank argues that the Debtor is merely attempting to relitigate issues that the Court already considered in granting stay relief, and that the Motion adds nothing new.  (*Id*. ¶¶ 17-19).  U.S. Bank also notes that the Debtor did not appear at the prior hearing at which the Court granted stay relief.  (*Id*.).  At the time the Stay Relief Motion was filed, U.S. Bank argues, the Debtor had not proposed a feasible plan to address the full prepetition arrears

3

of $90,721.37.  (*Id.*).  Although the Debtor later filed an amended Chapter 13 plan on June 3, 2026, U.S. Bank contends that the amendment cannot serve as a basis to retroactively alter a final order that was properly entered.[1]

Also on June 12, 2026, the Debtor filed the Reply.  (Dkt. No. 32).  The Debtor argues that Rule 60(b) relief is warranted because he has filed an amended plan but is now deprived of the ability to make regular post-petition payments and cure the arrears under ordinary bankruptcy protection.  (*Id.* ¶ 3).  The Debtor further contends that the $90,721.37 in prepetition arrears is attributable to employment instability, rather than bad faith, and that the he is not attempting to avoid his payment obligations.  (*Id.*).  Finally, the Debtor argues that continuation of the Stay Relief Order is unjust because his post-petition arrears as of May 2026 is only "$14.18 in suspense."  (*Id.* ¶ 2).

At the Hearing held on June 22, 2026, the Debtor represented that he works from home and that a foreclosure of the Property would likely result in the loss of his employment, which would materially undermine his ability to fund a feasible Chapter 13 plan.  (*See* June 22, 2026 Hr'g Tr.).  U.S. Bank responds that, even assuming that the Debtor's allegations are true, they are irrelevant to the Rule 60(b) analysis, and that the Debtor has failed to provide evidence of any material change in circumstances that would justify Rule 60(b) relief.  (*Id.*).

---

[1]   The Debtor's amended plan (the "**Amended Plan**") proposes step-up payments to the Chapter 13 Trustee in three stages: (1) monthly payments of $400 for 4 months, from February 2026 through May 2026; (2) monthly payments of $650 for 7 months, from June 2026 through December 2026; and (3) monthly payments of $1,105 for 24 months, from January 2027 through December 2028.  (Dkt. No. 29).  Under the Amended Plan, the Debtor proposes to retain the Property and repay a total of $30,510 over 60 months.  (*Id.*).  Based on U.S. Bank's proof of claim, however, the Amended Plan appears infeasible as it does not provide for full satisfaction of U.S. Bank's asserted prepetition arrears of $90,721.37.  *See* 11 U.S.C. § 1325(a)(5).  (*See* Proof of Claim No. 3-1).  The Trustee has not yet filed an objection to the Amended Plan.

III.    **LEGAL STANDARD**

Rule 60 of the Federal Rules of Civil Procedure, made applicable here through Rule 9024

of the Federal Rules of Bankruptcy Procedure, governs motions seeking relief from a court order.

*See* Fed. R. Civ. P. 60; *see also* Fed. R. Bankr. P. 9024.  Rule 60(b) provides that "the court may

relieve a party … from a final judgment, order, or proceeding," for specified reasons, including:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no
longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the Second Circuit, courts apply a "three-prong standard" when considering a Rule 60(b)

motion: "first, there must be 'highly convincing' evidence supporting the motion; second, the

moving party must show good cause for failing to act sooner; and third, the moving party must

show that granting the motion will not impose an undue hardship on the other party." *Broadway*

*v. City of New York*, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (citing *Kotlicky v. U.S.*

*Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

Because Rule 60(b) motions seek "extraordinary judicial relief," courts grant them "only

upon a showing of exceptional circumstances." *Kuntz v. Pardo*, 160 B.R. 35, 38 (S.D.N.Y. 1993);

*see also In re Hunt*, No. 25-11694 (JPM), 2025 WL 3760563, at *4 (Bankr. S.D.N.Y. Dec. 27,

2025) (noting that "relief under Rule 60(b) is considered an extraordinary remedy").  In assessing

such motions, courts must balance the competing interests of "serving the ends of justice" and

"preserving the finality of judgments." *United Realty Advisors, LP v. Verschleiser*, No. 14-CV-

5

5903, 2022 WL 1198267, at \*2 (S.D.N.Y. Apr. 22, 2022) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *see also Williams v. N.Y.C. Dep't of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (holding that courts evaluating Rule 60(b) motions must "balance fairness considerations present in a particular case against the policy favoring the finality of judgments").

Although filings by *pro se* litigants are "construed liberally," their *pro se* status "does not excuse them from complying with the Federal Rules of Civil Procedure or the Bankruptcy Rules." *Messer v. Peykar Int'l Co.*, 510 B.R. 31, 38 (S.D.N.Y. 2014); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Whether to grant a Rule 60(b) motion is committed to "the sound discretion of the trial court." *In re 8 West 58th St. Hosp., LLC*, No. 14-11524 (SHL), 2015 WL 9311525, at \*3 (Bankr. S.D.N.Y. Dec. 21, 2015) (quoting *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002)).

## IV.   ANALYSIS

As an initial matter, the Court must determine which subsection of Rule 60(b) governs the Debtor's request for relief. Where a movant seeks relief under Rule 60(b)(1) through (5), the movant must identify the particular subsection on which he relies. *See Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 83 (S.D.N.Y. 2003) ("To prevail on a Rule 60(b) motion, Plaintiff must demonstrate that one of the criteria outlined in the rule applies."). The Debtor has not done so. The Motion does not identify any mistake, inadvertence, or excusable neglect under Rule 60(b)(1); newly discovered evidence under Rule 60(b)(2); fraud, misrepresentation, or misconduct by U.S. Bank under Rule 60(b)(3); that the Stay Relief Order is void under Rule 60(b)(4); or that the Stay Relief Order has been reversed or that its prospective application would be inequitable. Because the Debtor has not established a basis for relief under Rule 60(b)(1) through (5), the Court considers whether relief is warranted under the catchall provision of Rule 60(b)(6).

6

Rule 60(b)(6) permits relief from a final judgment upon a showing of "any other reason that justifies relief." Rule 60(b)(6), however, applies only in "extreme circumstances" and "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *In re Adelphia Commc'ns Corp.*, 639 B.R. 657, 662 (Bankr. S.D.N.Y. 2022); *see also Drywall Tapers & Pointers of Greater New York Loc. Union 1974, IUPAT, AFL-CIO v. Creative Installations, Inc.*, 343 F.R.D. 358, 364 (S.D.N.Y. 2022) (citing *De Curtis v. Ferrandina*, 529 Fed. Appx. 85, 86 (2d Cir. 2013)) ("[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship."). That provision "is not an opportunity to relitigate old arguments or raise new arguments that could have been made prior to the challenged order." *AutoExpo Ent. Inc. v. Elyahou*, No. 23-CV-9249 (OEM) (ST), 2026 WL 177789, at *2 (E.D.N.Y. Jan. 22, 2026); *see also Lopez v. City of New York*, No. 05-CV-3624 (RML), 2023 WL 3570652, at *3 (E.D.N.Y. May 18, 2023) ("The Second Circuit routinely finds that Rule 60(b)(6) motions that simply seek to relitigate all issues presented in an action or argue that the district court's decisions were wrong are not sufficiently 'extraordinary' to warrant relief under Rule 60(b)(6)."). Rather, the movant must show "extraordinary circumstances or an extreme or undue hardship" to overcome the strong interest in preserving the finality of judgments. *In re Teligent, Inc.*, 306 B.R. 752, 758 (Bankr. S.D.N.Y. 2004).

The Debtor has not made that showing. The Motion argues that U.S. Bank relied on arrears dating back to 2022 in seeking stay relief, that those arrears are being addressed through the Debtor's Chapter 13 plan, and that the Debtor has since filed an amended plan. (Dkt. No. 25). Those arguments do not establish extraordinary circumstances under Rule 60(b)(6). To the extent the Debtor disputes the amount, timing, or characterization of the mortgage arrears, those issues could have been raised at the prior hearing. But the Debtor failed to do so. Rule 60(b)(6) does not

7

permit the Debtor to relitigate the merits of the Stay Relief Motion merely because he disagrees with the Stay Relief Order. *See Lopez*, 2023 WL 3570652, at *3; *see also Koss v. Oneida Cnty. Supreme & Family Court(s)*, No. 06-CIV-11386 (RWS), 2007 WL 127347, at *2 (S.D.N.Y. Jan. 8, 2007) ("Rule 60(b) does not provide parties with an opportunity to relitigate questions that have been previously decided."); *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (noting that the moving party may not "argue those issues already considered when a party does not like the way the original motion was resolved").

Nor do the Debtor's alleged circumstances concerning events that occurred after the Stay Relief Order justify Rule 60(b) relief. The Debtor points to his amended Chapter 13 plan, his alleged inability to make regular loan payments after U.S. Bank's loan servicer disabled his prior payment channel, and the risk that foreclosure may jeopardize his employment because he works from home as basis for Rule 60(b) relief. (Dkt. Nos. 25, 32). The Court is sympathetic to those concerns. But the Debtor's allegations do not establish that the Stay Relief Order was entered in error, procured by misconduct, based on a materially incomplete record, or rendered inequitable by extraordinary post-order developments. *See* Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b)(6) requires "extraordinary circumstances or an extreme or undue hardship" sufficient to overcome the strong interest in finality. *Teligent*, 306 B.R. at 758; *see also Drywall*, 343 F.R.D. at 364. The Debtor's asserted hardship, without more, does not satisfy that standard.

The Debtor has also not satisfied the Second Circuit's three-prong standard for Rule 60(b) relief under *Kotlicky*. First, the Debtor has not offered highly convincing evidence that vacatur is warranted. The Motion largely repeats arguments concerning arrears, plan treatment, and the Debtor's intent to cure the default, and offers no new evidence—let alone "highly convincing" evidence. *See Kotlicky*, 817 F.2d at 9. Second, the Debtor has not shown good cause for failing

8

to act sooner.   The Debtor did not appear at the hearing on the Stay Relief Motion, and the arguments he now raises concerning the arrears and proposed plan treatment could have been made before the Stay Relief Order was entered.  *See id*.   Third, the Debtor has not shown that vacatur would impose no undue hardship on U.S. Bank.   On the contrary, vacating the Stay Relief Order would likely delay U.S. Bank's ability to exercise its state-law remedies with respect to collateral securing a substantial claim.

While the Court is sympathetic to the Debtor's financial circumstances and recognizes the importance of the Property to the Debtor's employment and reorganization efforts, those considerations do not overcome the strong interest in finality of judgments.   Rule 60(b) provides extraordinary relief.   It is not a substitute for appeal; nor does it provide an opportunity to relitigate issues already decided.  *See Brown v. Webber*, No. 18-CV-09618 (NSR), 2022 WL 1124901, at *2 (S.D.N.Y. Apr. 14, 2022) ("Rule 60(b) is not a substitute for a timely appeal."); *see also Maldonado v. Local 803 I.B. of T. Health and Welfare*, 490 Fed. Appx. 405, 406 (2d Cir. 2013) (noting that Rule 60(b) cannot be invoked "to relitigate issues already decided").   Because the Debtor has not shown extraordinary circumstances, highly convincing evidence, good cause for failing to act sooner, or the lack of undue hardship to U.S. Bank, Rule 60(b) relief is not warranted.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that the Debtor has failed to satisfy his burden to vacate the Stay Relief Order under Rule 60(b).

Accordingly, the Motion is hereby **DENIED**.

   **IT IS SO ORDERED**.

Dated: June 26, 2026
   New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE