**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CHRISTIAN ALEKSANDER VARGAS,<br><br>       Debtor. | **FOR PUBLICATION**<br><br>Chapter 13<br><br>Case No. 25-12734 (JPM) |

*APPEARANCES*

**CHRISTIAN ALEKSANDER VARGAS**
*Pro Se Debtor*
155 E 2nd St. Apartment 2D
New York, NY 10009

**FRIEDMAN VARTOLO, LLP**
*Counsel for the Creditor*
1325 Franklin Ave, Suite 160
Garden City, NY 11530
By: Michael Rozea

**CHAPTER 13 TRUSTEE**
*Standing Chapter 13 Trustee*
399 Knollwood Rd., Suite 102
White Plains, NY 10603
By: Thomas C. Frost

**UNITED STATES TRUSTEE**
*Office of the U.S. Trustee, Region 2*
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**THE DEBTOR'S MOTION FOR STAY PENDING APPEAL**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

I.    **INTRODUCTION**

Before the Court is the motion (the "**Motion**"), dated June 30, 2026, of *pro se* debtor Christian Aleksander Vargas (the "**Debtor**"), for an order granting a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007 on an emergency basis. (Dkt. No. 37). The Motion seeks, *inter alia*, imposition of a stay of a scheduled foreclosure sale of the Debtor's residential property located at 155 East 2nd Street, Apartment 2D, New York 10009 (the "**Property**"), pending the Debtor's appeal of the Court's Memorandum Opinion and Order, dated June 26, 2026 (the "**Memorandum Opinion**"). (Dkt. No. 35). Secured Creditor U.S. Bank (the "**Creditor**") filed a response on July 5, 2026 (the "**Response**"). (Dkt. No. 42).

The Court held an emergency hearing to consider the Motion on July 6, 2026 (the "**Hearing**"). Having considered the parties' submissions, the arguments presented at the Hearing, and the record as a whole, the Court finds that the circumstances of this case warrant a limited stay pending appeal, subject to the conditions outlined below.[1] Thus, the Motion is **GRANTED IN PART**.

II.    **BACKGROUND**

This matter arises from the Debtor's appeal of the Court's ruling denying the Debtor's request to vacate a prior order granting stay relief in favor of the Creditor. On March 23, 2026, the Court issued an order granting the Creditor's motion for relief from the automatic stay to permit foreclosure of the Property under applicable state law (the "**Stay Relief Order**"), noting that no

---

[1]    During the Hearing, the Court indicated that it would grant the Motion subject to the conditions stated on the record, and that this written opinion would follow.

2

objections had been filed by the Chapter 13 Trustee and the Debtor failed to appear at the hearing on the stay relief motion.  (Dkt. No. 23).

On April 28, 2026, the Debtor filed a motion to vacate the Stay Relief Order, arguing that the Court should not have granted stay relief because the Creditor's filings were based on outdated information, because the Debtor had attempted to prosecute this Chapter 13 case in good faith, and because the Debtor sought to cure any mortgage arrears through an amended Chapter 13 plan. (Dkt. No. 25).  On June 26, 2026, the Court issued the Memorandum Opinion denying the Debtor's motion to vacate the Stay Relief Order.  (Dkt. No. 35).  In the Memorandum Opinion, the Court found that the Debtor had failed to satisfy his burden to demonstrate extraordinary or unusual circumstances warranting relief under Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024.  (*Id*.).

On June 30, 2026, the Debtor filed a notice of appeal of the Memorandum Opinion with the United States District Court for the Southern District of New York.  *See In re Vargas*, 26-CV-05587-RA (S.D.N.Y. filed July 1, 2026) (the "**District Court Action**").  (Dkt. No. 36).  On June 24, 2026, and July 1, 2026, the Debtor submitted two emergency letters to the Court alleging that the Creditor has scheduled a foreclosure sale of the Property for July 7, 2026, at 1:15 p.m. (the "**Letters**") (*See* Emails from Debtor to Chambers, dated June 24, 2026 and July 1, 2026).  In the Letters, the Debtor requested an "emergency hearing to grant interim relief" preventing the scheduled foreclosure sale "while [his] appellate rights are pursued."  (*Id*.).

Also on June 30, 2026, the Debtor filed the instant Motion seeking a stay pending appeal under Rule 8007(a)(1).  (Dkt. No. 37).  The Debtor asserts that the Motion does not seek to "relitigate the entire Rule 60 motion" but rather "seeks only a short preservation order so that the appeal is not rendered practically meaningless by a sale of the Debtor's cooperative shares,

3

proprietary-lease rights, and related dwelling rights before appellate review can occur." (*Id*.).  The Debtor further argues that "the need for emergency relief is concrete," given the scheduled foreclosure sale of the Property on July 7, 2026. (*Id*.).  If that sale goes through, the Debtor argues, he will suffer irreparable harm, including the loss of his primary residence and potential loss of employment because he works from home, which would materially impair his ability to fund a feasible Chapter 13 plan.  (*Id*.).  In addition to relief under Rule 8007, the Debtor seeks (1) an "emergency hearing before July 7, 2026"; (2) an order prohibiting the Creditor, its servicing agent SN Servicing Corporation, or any related parties from "conduct[ing], complet[ing], accept[ing] bids for, contract[ing] for, or transfer[ring] the collateral pending appeal"; and (3) "written payment instructions from SN Servicing Corporation for ongoing contractual payments without requiring the Debtor to accept a modification, loss-mitigation agreement, or other non-plan agreement[.]" (*Id*.).

On July 1, 2026, the Court granted the Debtor's request for an emergency hearing and directed the Creditor to file a response by July 6, 2026. (Dkt. No. 40).  On July 5, 2026, the Creditor filed the Response as directed.  (Dkt. No. 42).  The Creditor argues that a stay pending appeal is unwarranted because: (i) the Debtor is unlikely to succeed on the merits; (ii) the Debtor will not suffer irreparable injury absent a stay; (iii) a stay would substantially impair the "Creditor's rights to exercise its state-law remedies"; (iv) and the "public interest in sound case management in the bankruptcy process" counsels against granting a stay. (*Id*.).  Most importantly, the Creditor asserts that the Debtor has failed to establish irreparable injury because other options remain available to him, including: (1) "amending his Chapter 13 plan" to address all outstanding prepetition and post-petition arrears; (2) "requesting an injunction after [entry of the Stay Relief] Order"; (3) "seeking loss mitigation in accordance with [the] Court's procedures"; and (4)

"dismissing this case" and "fil[ing] a new case to impose the automatic stay" before the scheduled foreclosure sale. (*Id*.).

Also on July 5, 2026, the Debtor filed an amended Chapter 13 plan (the "**Amended Plan**"). (Dkt. No. 43). The Amended Plan proposes the following payments: (1) monthly plan payments of $800.00 to the Chapter 13 Trustee for 30 months; (2) irregular payments of $7,400.00 from the Debtor's alleged bonus income, to be made in ten designated months from August 2026 through November 2028; (3) monthly payments of $1,496.48 to the Creditor through SN Servicing Corporation, to be applied against prepetition mortgage arrears of $90,721.37; and (4) monthly payments of $289.40 to "NHS of NYC/Community First/HPD" ("**NHS of NYC**"), which the Debtor identifies as holding a $12,500 prepetition secured claim but which has not filed a proof of claim. (*Id*.).

## III.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007 governs requests for a stay pending appeal. Rule 8007(a)(1) provides that, "[o]rdinarily, a party must move first in the bankruptcy court" for "a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If relief is first sought in the bankruptcy court and denied, or if "moving first in the bankruptcy court would be impracticable," the movant may seek relief in the district court, bankruptcy appellate panel, or court of appeals where the appeal is pending. *See* Fed. R. Bankr. P. 8007(b).

In determining whether to grant a stay pending appeal, courts apply the four-factor test articulated by the Supreme Court in *Nken v. Holder*, 556 U.S. 418 (2009). Those factors are: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceedings"; and (4) "where the

5

public interest lies." *Id*. at 426 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Radiance Capital Receivables Twelve LLC v. Campbell*, No. 23-35668 (KYP), 2026 WL 1540685, at *3 (Bankr. S.D.N.Y. June 1, 2026) (citing *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007)).

While no single factor is dispositive, the Supreme Court has held that likelihood of success on the merits and irreparable injury are the "most critical" factors. *See Nken*, 556 U.S. at 434. "The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Broadway Realty I Co., LLC*, 677 B.R. 786, 806 (Bankr. S.D.N.Y. 2026). Stays pending appeal under Rule 8007 "are the exception, not the rule, and are granted only in limited circumstances." *See In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG), 2022 WL 2657345, at *4 (Bankr. S.D.N.Y. July 8, 2022) (quoting *In re Brown*, No. 18-10617, 2020 WL 3264057, at *5 (Bankr. S.D.N.Y. June 10, 2020)). The party seeking a stay pending appeal therefore "carries a heavy burden." *Id*. (quoting *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005)).

If the bankruptcy court grants a stay pending appeal, Rule 8007(c) permits the court to "condition relief on filing a bond or other security with the bankruptcy court." Fed. R. Bankr. P. 8007(c); *see also In re Simpson*, No. 17-10442, 2018 WL 1940378, at *12 (Bankr. D. Vt. Apr. 23, 2018) (citing *In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982)) (noting that the court may, under Rule 8007(c), "condition the issuance of a stay upon furnishing a supersedeas bond or other appropriate security"). The bankruptcy court has wide discretion to require the posting of a bond or other security as a condition of a stay pending appeal. *See In re Motors Liquidation Co.*, 539 B.R. 676, 686 (Bankr. S.D.N.Y. 2015) (citing *In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985)).

6

IV.    **ANALYSIS**

### 1. Likelihood of Success on the Merits

The Court finds that the first factor weighs against a stay pending appeal.  To establish a "a strong showing that [the movant] is likely to succeed on the merits," *Nken*, 556 U.S. at 426, "[i]t is not enough [to show] that the chance of success on the merits [is] better than negligible." *Radiance Capital*, 2026 WL 1540685, at *3.  Instead, the movant must show "'a substantial possibility, although less than a likelihood, of success on appeal." *United States Equal Emp. Opportunity Comm'n v. AAM Holding Corp.*, No. 24 MISC. 103 (LGS), 2024 WL 3710151, at *2 (S.D.N.Y. Aug. 7, 2024) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101, n.9 (2d Cir. 2002)).  The merits factor "can be satisfied if there are 'serious questions' going to the merits of the dispute and the [movant] is able to establish that the balance of hardships tips decidedly in [his] favor." *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (quoting *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

Where the subject of appeal is a court order denying Rule 60(b) relief, the movant faces a particularly demanding burden.  Because the decision as to whether to grant Rule 60(b) lies within the bankruptcy court's discretion, an order denying Rule 60(b) is reviewed for abuse of discretion. *See Rodriguez v. United States*, No. 90 CR. 890 (PKL), 2005 WL 1398591, at *2 (S.D.N.Y. June 14, 2005) (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)) (holding that the standard of review for an order granting or denying a Rule 60(b) abuse of discretion); *see also In re 8 West 58th St. Hosp., LLC*, No. 14-11524 (SHL), 2015 WL 9311525, at *3 (Bankr. S.D.N.Y. Dec. 21, 2015) (holding that whether to grant a Rule 60(b) motion is committed to "the sound discretion of the trial court").  Thus, to prevail on appeal, the movant must show that the order denying Rule 60(b) was based "on an erroneous view of the law or on a

7

clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also De La Fuente v. DCI Telecomms., Inc.*, 259 F.Supp.2d 250, 258 n.4 (S.D.N.Y. 2003).

The Debtor has not made that showing.  The issue on appeal is whether the Court abused its discretion in denying the Debtor's motion to vacate the Stay Relief Order under Rule 60(b), not whether the Court would decide the underlying Stay Relief Motion differently on a renewed record.  According to the Debtor, the Memorandum Opinion relied in part on his failure to appear at the hearings on the Stay Relief Motion and his failure to show good cause for not acting sooner. (Dkt. No. 37).  The Debtor now alleges that he has "contemporaneous evidence," including "call records [of] his attempts to reach the Court," showing that he attempted in good faith to access two missed online hearings—on February 26, 2026, and March 19, 2026—and that he tried to obtain the meeting information immediately before those hearings.  (*Id.*).

But that is not enough.  Even assuming the Debtor can show that he attempted to access the hearings, that evidence would address only one aspect of the Rule 60(b) analysis: whether the Debtor had good cause for failing to appear or act sooner.  (*See* Memorandum Opinion, Dkt. No. 35, at 5) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).  It does not establish that the Stay Relief Order was entered based on a mistake of law, a clearly erroneous assessment of the record, newly discovered evidence, misconduct by the Creditor, or any other basis warranting Rule 60(b) relief.  *See Cooter*, 496 U.S. at 405; *see also De La Fuente*, 259 F.Supp.2d at 258.  Nor does it address the other grounds on which the Court denied vacatur, including the Debtor's failure to present highly convincing evidence, his attempt to relitigate arguments that could have been raised earlier, and the hardship to the Creditor from further delay

8

in exercising state-law remedies (which is mitigated herein by the conditions placed on the stay pending appeal, *see infra* Section V).  (*See* Memorandum Opinion, Dkt. No. 35, at 5).

### 2. Irreparable Injury

The second factor, irreparable injury, weighs in favor of a stay pending appeal.  "A showing of probable irreparable harm is the 'principal prerequisite' for the issuance of a stay pursuant to Rule 8007, and such harm must be 'neither remote nor speculative, but actual and imminent.'"  *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016).  To be "irreparable," the injury must be "certain and imminent," meaning that it is a type "for which a monetary award does not adequately compensate."  *Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, No. 13-CV-7038 PKC, 2014 WL 2993448, at *4 (E.D.N.Y. July 2, 2014) (citing *Wisdom Import Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 113-14 (2d Cir. 2003)).  For that reason, courts have held that "the fact that the movant's property will be sold absent a stay does not automatically constitute irreparable harm."  *In re 473 W. End Realty Corp.*, 507 B.R. 496, 507 (Bankr. S.D.N.Y. 2014); *see also In re Giambrone*, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019) (finding that the imminent sale of a debtor's non-resident, investment property does not constitute irreparable harm because it can be remedied by monetary damages).  An eviction, on the other hand, may constitute irreparable harm where "the party facing eviction also faced the real threat" of being left without a home. *Greer v. Mehiel*, No. 15-CV-6119(AJN), 2016 WL 828128, at *9 (S.D.N.Y. Feb. 24, 2016); *see also Wiesner v. 321 W. 16th St. Assocs.*, No. 00-CV-1423 (RWS), 2000 WL 1191075, at *7 (S.D.N.Y. Aug. 22, 2000) (finding irreparable injury where the party subject to eviction "could [not] find alternative, affordable housing").

Where the property subject to foreclosure is the movant's primary residence, the risk of foreclosure may constitute irreparable harm if the movant shows that the loss of property presents

an "actual and imminent" threat that cannot be adequately remedied by monetary damages. *See, e.g., G.L.A.D. Enterprises, LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-1*, No. 23-CV-3985 (CS), 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023) (internal quotations omitted) ("[W]here the property is a primary residence and the sale of that property would have catastrophic financial and practical repercussions, including eviction, courts have found irreparable harm."); *Buco v. Frost (In re Buco)*, 25-CV-05496 (MMG), 2025 WL 2070767, at *2 (S.D.N.Y. July 23, 2025) (finding the appellant did not show irreparable harm despite the fact that he may lose his primary residence because he did "not contend that the foreclosure sale will leave him without a place to live"); *In re Mongiello*, No. 24-CV-694 (CS), 2024 WL 729865, at *2 (S.D.N.Y. Feb. 22, 2024) (finding no irreparable harm where the debtor-appellant failed to show a "real threat" of being left without a home, knew eviction "was reasonably imminent" for months or longer, and "apparently filed the bankruptcy only to forestall the eviction"); *In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018) (finding irreparable harm where the principal of debtor LLC would lose his residence if debtor lost the property at issue).

Here, the Court finds that the Debtor has satisfied his burden to show irreparable injury. The scheduled foreclosure sale is not remote or speculative. According to the Debtor, the Creditor has scheduled the foreclosure sale for July 7, 2026. (Dkt. No. 37). The Property is the Debtor's primary residence. (*Id.*). The Debtor also represents that he works from home and that loss of the Property may result in loss of employment, which would materially impair his ability to fund a feasible Chapter 13 plan. (*Id.*; *see also* Memorandum Opinion, Dkt. No. 35). If the foreclosure sale proceeds before appellate review, the Debtor may lose not only his residence, but also the practical ability to pursue the reorganization he seeks through this Chapter 13 case. Those harms

10

cannot be remedied by a monetary award.  The second factor therefore weighs in favor of granting a limited stay pending appeal.

### 3. Injury to the Other Party

The third factor, possibility of injury to the other party, weighs in favor of granting a stay pending appeal subject to the conditions set forth *infra* Section V.  To prevail on this factor, "the party seeking a stay must … establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted."  *G.L.A.D. Enterprises*, 2023 WL 5127835, at *2 (quoting *473 W. End Realty*, 507 B.R. at 507).  "In other words, the moving party must show that the balance of harms tips in favor of granting the stay."  *Adelphia*, 361 B.R. at 349.

The Court finds that the balance of harms favors granting a limited stay.  Here, the Debtor seeks narrow relief.  He "does not seek to eliminate the Movant's debt, discharge any lien, or permanently bar state-law remedies" and "seeks only to prevent an irreversible sale while appellate review is pursued on an emergency basis."  (Dkt. No. 37).  The requested stay merely preserves the status quo (with conditions) pending appeal without altering the Creditor's claim, lien rights, or ability to pursue foreclosure if the stay is later lifted.  (*Id*.).  As explained above, the injury to the Debtor absent a stay is likely to be substantial and irreparable.  If the scheduled foreclosure sale proceeds before the District Court resolves the appeal, the Debtor may lose his primary residence and potentially lose his employment, which may materially impair his ability to fund a feasible Chapter 13 plan.

By contrast, the only identifiable harm to the Creditor from a stay (subject to the conditions set forth herein) is a temporary delay in conducting the scheduled foreclosure sale.  The Court finds that delay, in the context of this case, is unlikely to prejudice the Creditor and does not amount to substantial harm.

11

Furthermore, nothing in the record shows that the Property is rapidly deteriorating in value, that the Creditor's collateral position will materially worsen during the pendency of a limited stay, or that any other circumstance exists suggesting that postponing the scheduled foreclosure sale would substantially harm the Creditor.  Because the requested stay is temporary and narrow, any prejudice to the Creditor from a short delay is outweighed by the risk of irreparable harm to the Debtor if the scheduled foreclosure sale proceeds before appellate review.  The third factor therefore weighs in favor of granting a stay pending appeal.

### 4.  Public Interest

Finally, the Court finds that the public interest weighs neither in favor nor against granting a stay pending appeal.  In general, "[c]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings." *LATAM Airlines*, 2022 WL 2657345, at *11; *see also In re GOL Linhas Aereas Inteligentes S.A.*, No. 25-CV-4610 (DLC), 2025 WL 1591830, at *6 (S.D.N.Y. June 5, 2025) ("The public interest lies in the expedient administration of bankruptcy proceedings.").  Relatedly, the judicial system has a strong interest in preserving the "enforceability and finality of a [court] order." *29 Main St. LLC v. United States Postal Serv.*, No. 3:19-CV-2003 (SRU), 2022 WL 2374132, at *4 (D. Conn. Apr. 22, 2022) (citing *Found. Capital Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, No. 3:17-CV-00135 (JAM), 2021 WL 4901654, at *5 (D. Conn. Oct. 21, 2021)); *see also United States Sec. & Exch. Comm'n v. Mango Labs, LLC*, No. 1:24-CV-07334 (JLR), 2026 WL 161024, at *2 (S.D.N.Y. Jan. 21, 2026) (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)) ("The 'finality of judgments' is '[v]ery high among the interests' of the judicial system."); *In re Eletson Holdings Inc.*, No. 23-10322 (JPM), 2025 WL 726248, at *12 (Bankr. S.D.N.Y. Mar. 6, 2025) (noting that "there is a strong public interest in preserving finality of confirmed, chapter 11 plans").

12

The policy favoring expedient judicial administration and finality of judgments, however, must also be balanced against the public interest in "preserving a party's access to appellate review." *29 Main St. LLC*, 2022 WL 2374132, at *4. That interest is particularly salient where "it can be done without undue prejudice to the side that won below." *Motors Liquidation*, 539 at 686.

Here, the Debtor argues that "public interest favors orderly appellate review, meaningful access to the courts for *pro se* debtors, and preservation of Chapter 13 cure rights where a debtor seeks to pay allowed arrears rather than avoid them." (Dkt. No. 37). The Court agrees that the public interest supports preserving meaningful appellate review, particular where the scheduled foreclosure sale may occur before the District Court has an opportunity to consider the appeal. That interest is reinforced by the absence of evidence in the record that the Debtor filed this Chapter 13 case to "abuse the bankruptcy process" or "to frustrate and delay the creditor from exercising its legitimate rights." *In re Melton*, No. 8-11-70984-REG, 2011 WL 1600506, at *5 (Bankr. E.D.N.Y. Apr. 27, 2011) (finding that the public interest counseled against a stay pending appeal where the debtor had "ten prior bankruptcy filings" and "employed a scheme intended to frustrate and delay the creditor from exercising its legitimate rights"); *see also Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995) (finding that the public interest weighed against granting a stay pending appeal where the debtor-appellant "had repeatedly failed to meet his obligations under the bankruptcy law[s] and could not be permitted to use the protection of the automatic stay to put off indefinitely the foreclosure of his property").

At the same time, the Court recognizes the competing public interest in preserving the finality and enforceability of the Stay Relief Order and the Memorandum Opinion. *See 29 Main*

13

*St. LLC*, 2022 WL 2374132, at \*4; *see also Motors Liquidation*, 539 B.R. at 686.  Balancing those competing considerations, the Court finds that public interest factor is neutral.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the first *Nken* factor weighs against a stay, the second and third factors weigh in favor of a stay, and the fourth factor is neutral.  Although the *Nken* factors do not all point in the same direction, the balance of harms favors preserving the status quo pending appellate review subject to the conditions set forth below.  Considering the totality of the circumstances, including the imminent foreclosure sale, the risk of irreparable injury to the Debtor, the limited prejudice to the Creditor from a temporary stay, and the importance of preserving meaningful appellate review, the Court concludes that limited relief under Rule 8007 is warranted.

Accordingly, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on a limited, interim basis, subject to the Debtor's compliance with the following conditions (as set forth during the Hearing):

    a. The Debtor shall file and serve, no later than Monday, July 20, 2026, at 11:59 p.m. (Eastern Time), a motion for stay pending appeal in the District Court Action;

    b. The Debtor shall file, no later than Monday, July 20, 2026, at 11:59 p.m. (Eastern Time), an amended Schedule I with updated proof of current monthly income from all sources; and

    c. As security for continuation of the stay pursuant to Rule 8007(c), the Debtor shall make the following payments (as provided for in the Amended Plan and as set forth by the Court during the Hearing):

14

i. A lump sum payment of $4,489.44 to SN Servicing Corporation or the Chapter 13 Trustee, equal to three months of post-petition arrears, due on or before July 15, 2026;

ii. Monthly plan payments of $800.00 to the Chapter 13 Trustee, commencing August 1, 2026, and continuing on the first day of each month thereafter;

iii. Monthly payments of $1,496.78 to SN Servicing Corporation or the Chapter 13 Trustee, to be applied toward post-petition mortgage payments, commencing August 1, 2026, and continuing on the first day of each month thereafter;

iv. Monthly payments of $289.40 to NHS of NYC or the Chapter 13 Trustee, commencing August 1, 2026, and continuing on the first day of each month thereafter; and

v. Payments of $7,400.00 to the Chapter 13 Trustee, commencing August 1, 2026 and proceeding under the irregular payment schedule set forth in the Amended Plan.

2. If the Debtor timely satisfies the conditions set forth in paragraphs 1(a) through (c) above, the stay granted herein shall remain in effect until the District Court has the opportunity to rule on the Debtor's request for stay pending appeal.

3. If the Debtor fails to timely satisfy any of the conditions set forth in paragraphs 1(a) through (c) above, the stay granted herein shall terminate and the Creditor may submit an order to terminate the stay, subject to any ruling on a stay pending appeal from the District Court.

4. Except to the limited extent expressly provided herein, nothing in this Order vacates, modifies, or otherwise alters the Stay Relief Order or the Memorandum Opinion.

**IT IS SO ORDERED**.

Dated: July 6, 2026
      New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE